1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   BRUCE A. ERICSON SBN 76342
2  bruce.ericson@pillsburylaw.com
   STACIE O. KINSER  SBN 300529
3  stacie.kinser@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA 94111
   Telephone:  (415) 983-1000
5  Facsimile:  (415) 983-1200

6  PILLSBURY WINTHROP SHAW PITTMAN LLP
   JAMES M. LINDFELT SBN 275352
7  james.lindfelt@pillsburylaw.com
   2550 Hanover Street
8  Palo Alto, CA  94304-1115
   Telephone: (650) 233-4500
9  Facsimile: (650) 233-4545

10 Attorneys for Defendants INVENSENSE, INC.,
   BEHROOZ ABDI, AMIR FAINTUCH,
11 USAMA FAYYAD, EMIKO HIGASHI,
   JON OLSON, AMIT SHAH, ERIC STANG and
12 YUNBEI YU

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15              SAN FRANCISCO DIVISION

16

17 MARC NUZZO, on behalf of himself       Case No. 3:17-cv-00859-JD
   and all others similarly  situated,
18                                        **STIPULATION EXTENDING TIME
                                          TO RESPOND TO COMPLAINT;**
19                    Plaintiff,          **REQUEST TO POSTPONE CASE
                                          MANAGEMENT CONFERENCE;**
   vs.                                    **AND PROPOSED ORDER**
20
   INVENSENSE, INC., BEHROOZ ABDI,
21 AMIR FAINTUCH, USAMA FAYYAD,           Hon. James Donato
   EMIKO HIGASHI, JON OLSON, AMIT
22 SHAH, ERIC STANG, YUNBEI YU, TDK
   CORPORATION, and TDK SENSOR
23 SOLUTIONS CORPORATION,

24                    Defendants.

25

26

27

28

# RECITALS

A.     This action (the "*Nuzzo Action*") is a purported shareholder class action alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 Act and SEC Rule 14a-9 brought by Plaintiff Marc Nuzzo against defendants InvenSense, Inc. and members of InvenSense's Board of Directors (collectively, the "InvenSense Defendants"), TDK Corporation and TDK Sensor Solutions Corporation  (the "TDK Defendants", collectively with the InvenSense Defendants, the "Defendants").  This action relates to a proposed transaction between InvenSense and the TDK Defendants pursuant to which InvenSense would be acquired by the TDK Defendants (the "Proposed Merger").

B.     The *Nuzzo Action* is the first filed of six actions relating to the Proposed Merger pending in this Court; the other five actions are:

> *Marc Chicorel v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Usama Fayyad, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang and Yunbei Yu,* Case No. 4:17-cv-00901-HSG (N.D. Cal., filed Feb. 22, 2017) ("*Chicorel Action*");

> *David Dunham v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang, Yunbei Yu, Usama Fayyad, TDK Corporation and TDK Sensor Solutions Corporation,* Case No. 4:17-cv-00957-PJH (N.D. Cal., filed Feb. 24, 2017) ("*Dunham Action*");

> *Atef Isaac v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Usama Fayyad, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang and Yunbei "Ben" Yu,* Case No. 4:17-cv-01014-JSW (N.D. Cal., filed Feb. 27, 2017) ("*Isaac Action*");

> *Amy Holzman v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Usama Fayyad, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang and Yunbei Yu,* Case No. 4:17-cv-01038-WHA (N.D. Cal., filed Feb. 28, 2017) ("*Chicorel Action*"); and

> *George F. Rollins v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang, Yunbei "Ben" Yu, Usama Fayyad, TDK Corporation and TDK Sensor Solutions Corporation,* Case No. 3:17-cv-01574-RS (N.D. Cal., filed Mar. 23, 2017) ("*Rollins Action*").

C.     Plaintiffs' counsel in five of the six actions (all but *Rollins*) have agreed among themselves how best to coordinate their activities; they have decided to move to relate all six actions, and to treat the *Nuzzo* complaint as the operative complaint.

D.     Accordingly, the parties agree that there is no point in having Defendants

1  respond at present to the other four complaints, and therefore stipulations extending time have

2  been filed in the other four actions.  *See Chicorel* Dkt. 9; *Dunham* Dkt. 10; *Isaac* Dkt. 10; and

3  *Holzman* Dkt. 20.  (The TDK Defendants have not been served in any action.)

4        F.     In this action, Plaintiff filed a Preliminary Injunction Motion (*Nuzzo* Dkt. 7),

5  the parties stipulated to a briefing schedule and expedited hearing (*Nuzzo* Dkt. 9), the Court

6  granted an expedited hearing date (*Nuzzo* Dkt. 10), InvenSense filed an amendment to its

7  Definitive Proxy Statement that included supplemental disclosures addressing Plaintiff's

8  claims raised in his Injunction Motion, and Plaintiff filed a Notice of Withdrawal of Plaintiff's

9  Motion for Preliminary Injunction (*Nuzzo* Dkt. 11).

10        G.     The meeting of InvenSense shareholders to vote on the Proposed Merger is set

11  for May 17, 2017.  If the shareholders approve the Proposed Merger, the transaction will likely

12  close that day or the next.

13        H.     If the shareholders' meeting is held and the Proposed Merger closes, the

14  Plaintiff in this action will dismiss his complaint without prejudice to other members of the

15  putative class, but will request that the Court retain jurisdiction solely for the purpose of

16  hearing any dispute relating to Plaintiff's petition for attorneys' fees, should the parties not

17  reach an agreement.  Plaintiffs in the other four allied actions likely will dismiss their

18  complaints without prejudice to other members of the putative class.

19        I.     Because this is the likely resolution of *Nuzzo* Action and the other four allied

20  actions, the parties believe that it would serve no purpose for Defendants at present to plead to

21  the *Nuzzo* complaint (to which, for the InvenSense Defendants, a response otherwise is due

22  May 15, two days before the shareholders' meeting) or for the parties to prepare for or

23  participate in a case management conference (currently set for May 25, 2017).

24        J.     There have been no previous extensions of time to plead or otherwise respond

25  to the complaint.  The stipulated extension set forth below would not affect any deadline set by

26  court order and accordingly is permissible without court order under Civil Local Rule 6-1(a).

27  The parties' proposed postponement of the case management conference would, of course,

28  require a court order.

Stipulation Extending Time and Request to Postpone CMC

**STIPULATION AND REQUEST**

Plaintiff, Marc Nuzzo, and the InvenSense Defendants, through their counsel of record, hereby:

1.    Agree that the InvenSense Defendants may have an extension of time to answer or otherwise respond to the *Nuzzo* Complaint until 21 days after a notice from Plaintiff Nuzzo's counsel, e-filed with the Court, stating that Nuzzo is withdrawing from this stipulation.

2.    Respectfully request that the Court take off-calendar the case management conference currently set for May 25, 2017 at 10:00 a.m. and postpone it to a date convenient to the Court (the parties suggest a date in the latter part of July, when it might be combined with a hearing on a "mootness" fee application, should Plaintiffs make one).

**IT IS SO STIPULATED.**

Dated: May 10, 2017

PILLSBURY WINTHROP SHAW PITTMAN LLP

By   /s/ Bruce A. Ericson
         Bruce A. Ericson
Attorneys for Defendants INVENSENSE, INC., BEHROOZ ABDI, AMIR FAINTUCH, USAMA FAYYAD, EMIKO HIGASHI, JON OLSON, AMIT SHAH, ERIC STANG and YUNBEI YU

Dated: May 10, 2017

LEVI & KORSINSKY LLP

By: /s/ Rosemary M. Rivas
      Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

OF COUNSEL:
Seth D. Rigrodsky (to be admitted *pro hac vice*)
Gina M. Serra (to be admitted *pro hac vice*)
RIGRODSKY & LONG, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310

Attorneys for Plaintiff

Stipulation Extending Time and Request to Postpone CMC

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the other Signatory.

Dated: May 10, 2017

*/s/Bruce A. Ericson*
Bruce A. Ericson

**[PROPOSED] ORDER**

In accordance with the foregoing stipulation, and good cause appearing,

IT IS HEREBY ORDERED that:

1.     The Case Management Conference set for May 25, 2017 at 10:00 a.m. is taken off-calendar and postponed until July ___, 2017 at 10:00 a.m.

2.     Should the action not be dismissed by June 30, 2017, the parties are  hereby ordered to meet and confer re: initial disclosures, early settlement, ADR process selection and discovery plan no later than 21 days before the reset case management conference, and to e-file their Rule 26(f) report and joint case management statement no later than seven days before the reset case management conference.

3.     Any application for an award of attorneys' fees and costs should be set for hearing in accordance with Civil Local Rule 7-2(a).

IT IS SO ORDERED.

Dated:  May ___, 2017.

_____
Hon. James Donato
United States District Judge