ROSEMARY M. RIVAS (SBN 209147)
**LEVI & KORSINSKY LLP**
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294
Email: rrivas@zlk.com

*Attorney for Plaintiff
and the Proposed Class*

[Additional Counsel listed on signature block.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC NUZZO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INVENSENSE, INC., BEHROOZ ABDI, AMIR FAINTUCH, USAMA FAYYAD, EMIKO HIGASHI, JON OLSON, AMIT SHAH, ERIC STANG, YUNBEI YU, TDK CORPORATION, and TDK SENSOR SOLUTIONS CORPORATION,<br><br>Defendants. | Case No. 3:17-cv-00859-JD<br><br>**STIPULATION CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Hon. James Donato |

Case No. 3:17-cv-00859-JD

Stipulation Concerning Voluntary Dismissal and Counsel's
Anticipated Application For An Award of Attorneys' Fees
and Expenses

**RECITALS**

A. This action (the "*Nuzzo Action*") is a purported shareholder class action alleging violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 Act and SEC Rule 14a-9 brought by Plaintiff Marc Nuzzo against defendants InvenSense, Inc. and members of InvenSense's Board of Directors (collectively, the "InvenSense Defendants"), TDK Corporation and TDK Sensor Solutions Corporation (the "TDK Defendants", collectively with the InvenSense Defendants, the "Defendants"). This action relates to a proposed transaction between InvenSense and the TDK Defendants pursuant to which InvenSense would be acquired by the TDK Defendants (the "Merger").

B. The Defendants filed a Preliminary Proxy Statement on Schedule 14A on February 3, 2017, and a Definitive Proxy Statement on Schedule 14A on March 28, 2017 with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Merger (the "Proxy Statements").

C. The *Nuzzo Action* is the first filed of six actions relating to the Proposed Merger pending in this Court; the other five actions are:

*Marc Chicorel v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Usama Fayyad, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang and Yunbei Yu,* Case No. 4:17-cv-00901-HSG (N.D. Cal., filed Feb. 22, 2017) ("*Chicorel Action*");

*David Dunham v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang, Yunbei Yu, Usama Fayyad, TDK Corporation and TDK Sensor Solutions Corporation,* Case No. 4:17-cv-00957-PJH (N.D. Cal., filed Feb. 24, 2017) ("*Dunham Action*");

*Atef Isaac v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Usama Fayyad, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang and Yunbei "Ben" Yu,* Case No. 4:17-cv-01014-JSW (N.D. Cal., filed Feb. 27, 2017) ("*Isaac Action*");

*Amy Holzman v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Usama Fayyad, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang and Yunbei Yu,* Case No. 4:17-cv-01038-WHA (N.D. Cal., filed Feb. 28, 2017) ("*Chicorel Action*"); and

*George F. Rollins v. InvenSense, Inc., Behrooz Abdi, Amir Faintuch, Emiko Higashi, Jon Olson, Amit Shah, Eric Stang, Yunbei "Ben" Yu, Usama Fayyad, TDK Corporation and TDK Sensor Solutions Corporation,* Case No. 3:17-cv-01574-RS (N.D. Cal., filed Mar. 23, 2017) ("*Rollins Action*").

Case No. 3:17-cv-00859-JD

- 1 -

Stipulation Concerning Voluntary Dismissal and Counsel's Anticipated Application For An Award of Attorneys' Fees and Expenses

D.  Plaintiffs in the six actions alleged, on behalf of a putative class of InvenSense's stockholders that the Proxy Statements omitted certain material information relating to the Merger in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934. Given the substantial overlap of their allegations, plaintiffs in five of the six actions, *Nuzzo, Chicorel, Dunham, Isaac, and Holzman*, coordinated their prosecution (the "Coordinated Actions").

E.  In this action, the *Nuzzo* Action, on April 11, 2017, Plaintiff filed a Preliminary Injunction Motion (*Nuzzo* Dkt. 7), the parties stipulated to a briefing schedule and expedited hearing (*Nuzzo* Dkt. 9), and the Court granted an expedited hearing date (*Nuzzo* Dkt. 10).

F.  On April 24, 2017, InvenSense filed an amendment to its Definitive Proxy Statement that included supplemental disclosures addressing Plaintiff's claims raised in his Injunction Motion (the "Supplemental Disclosures"), and on April 25, 2017, Plaintiff filed a Notice of Withdrawal of Plaintiff's Motion for Preliminary Injunction (*Nuzzo* Dkt. 11).

G.  The meeting of InvenSense shareholders to vote on the Merger took place on May 17, 2017, and the shareholders approved the Merger, which closed on May 18, 2017.

H.  Plaintiff agrees that, as a result of the filing of the Supplemental Disclosures, the claims arising from the Merger identified in his complaint have become moot.

I.  Plaintiff asserts that the prosecution of the Coordinated Actions caused InvenSense to issue the Supplemental Disclosures and that Plaintiff's counsel may assert a claim for attorneys' fees and expenses in connection with the common benefit provided to InvenSense's stockholders as a result of the filing of the Supplemental Disclosures.

J.  Plaintiff intends to petition the Court to seek a resolution of his claim for such fees and expenses if his claim cannot be resolved through negotiations between counsel for Plaintiff and the Defendants, which negotiations have not yet begun.

K.  By entering into this Stipulation, the InvenSense Defendants do not admit that the Supplemental Disclosures were material or that Plaintiff is entitled to attorneys' fees and expenses, and reserve the right to oppose, in whole or in part, any claim by Plaintiff for attorneys' fees and expenses relating to the Coordinated Actions.

# STIPULATION AND REQUEST

Plaintiff, Marc Nuzzo, and the InvenSense Defendants, through their counsel of record, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. Plaintiff hereby voluntarily dismisses the above-captioned action pursuant to Fed. R. Civ. P. 41(a)(1), and the action shall be so dismissed. The dismissal is as to the named Plaintiff Mark Nuzzo only and has no effect upon the absent members of the putative class.

2. This Court shall retain continuing jurisdiction over the Parties solely for purposes of adjudicating any claim by Plaintiff's counsel for an award of attorneys' fees and expenses.

3. If the Parties are unable to resolve Plaintiff's counsel's claim for attorneys' fees and expenses, Plaintiff shall file any petition and supporting papers seeking such relief with this Court. The parties will confer on a briefing schedule should a resolution not be reached.

4. This Stipulation is not intended to, and shall not, waive or prejudice any right or argument that may be asserted or presented by Plaintiff or the InvenSense Defendants in support of or in opposition to any claim by Plaintiff for attorneys' fees and expenses.

**IT IS SO STIPULATED.**

Dated: May 24, 2017

LEVI & KORSINSKY LLP

By: /s/ Rosemary M. Rivas
Rosemary M. Rivas
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 291-2420
Facsimile: (415) 484-1294

OF COUNSEL:

Seth D. Rigrodsky (to be admitted *pro hac vice*)
Gina M. Serra (to be admitted *pro hac vice*)
RIGRODSKY & LONG, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Telephone: (302) 295-5310

Attorneys for Plaintiff

Dated: May 24, 2017

PILLSBURY WINTHROP SHAW PITTMAN LLP

By   /s/ Bruce A. Ericson
      Bruce A. Ericson

Attorneys for Defendants INVENSENSE, INC., BEHROOZ ABDI, AMIR FAINTUCH, USAMA FAYYAD, EMIKO HIGASHI, JON OLSON, AMIT SHAH, ERIC STANG and YUNBEI YU

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

    /s/ *Rosemary M. Rivas*
      Rosemary M. Rivas

# [PROPOSED] ORDER

In accordance with the foregoing stipulation, and good cause appearing,

IT IS HEREBY ORDERED that:

1. This Court shall retain continuing jurisdiction over the Parties solely for purposes of adjudicating any claim by Plaintiff's counsel for an award of attorneys' fees and expenses.

2. If the Parties are unable to resolve Plaintiff's counsel's claim for attorneys' fees and expenses, Plaintiff shall file any application and supporting papers seeking such relief with the Court.

3. Any application for an award of attorneys' fees and costs should be set for hearing in accordance with Civil Local Rule 7-2(a).

IT IS SO ORDERED.

Dated: May __, 2017.

_____
Hon. James Donato
United States District Judge